EDWARD YANISH et al. vs. JASPER B. TARBOX et al.

Argued April 16, 1894. Affirmed May 11, 1894.

No. 8543.

**Findings supported by the evidence.**

Held, that the findings of fact as to the location of the county road mentioned in the description in the deed involved herein, and as to the sites of the stakes which designated each end of the easterly boundary line of the conveyed tract of land, were supported by the evidence.

**Rulings as to evidence.**

Certain rulings of the trial court as to the admission of testimony disposed of.

Appeal by plaintiffs, Edward Yanish and Samuel G. Horsnell, from a judgment of the District Court of Ramsey County, J. J. Egan, J., entered September 22, 1893. The facts in this case are fully stated in the report of a former appeal, 49 Minn. 268.

Walter L. Chapin, for appellants.

Chas. N. Bell and George E. Budd, for respondents.

COLLINS, J. The facts herein very fully appear in the opinion rendered upon a former appeal. 49 Minn. 268, (51 N. W. 1051.) A

second trial was then ordered, upon the ground that the evidence did not support the findings of fact in respect to the construction to be placed upon the description found in the deed of conveyance from Belland to Baker. A second trial having been had, the court made findings of the same purport as those considered upon the former appeal, placing upon the second call or course in the description in the deed the same construction. This appeal is from a judgment entered in accordance with the findings. Most of the assignments of error go to rulings of the court when receiving the testimony, and by others it is asserted, as it was before, that the findings of fact as to the location of the road mentioned in the deed, and as to the sites of the stakes which, according to the description, designated each end of the easterly boundary line of the tract of land, are not supported by the evidence.

After a careful examination of the record, we feel satisfied that the findings last referred to are not open to the charge that the evidence on which they were based was insufficient. The existence and location of the road were not established by the most convincing proofs, but both of these facts were shown quite as clearly, in the absence of all official record of the same, as ought to be expected, after so many years, during which the neighborhood had been transformed from wild and almost unoccupied acres to city lots and urban residence property, and after most of the persons then upon the scene of action, and with opportunities to see and know about the road, have departed this life. It would be of no value for us to point out with particularity wherein the proofs produced upon the second trial supplemented and added to those presented on the first, but evidently an earnest effort was made to cover all of the deficiencies referred to in the former opinion. We will content ourselves by saying that it was shown that one Woodbury had possession of a tract of land there under some sort of an arrangement with the owner, the senior Belland. Baker purchased from Woodbury, taking the deed in question from Belland. Baker testified that, when about to buy, he was shown at least one stake, said to mark a corner upon the easterly line, and he was shown that line. This stake was in or near a well-traveled track or road, and he was told by Woodbury that the land came to the road along that line. Although Baker could not, at the time of the

trial, locate this road or track on the face of the earth, other witnesses did, with considerable certainty, especially in front of an old house, still standing, in block 19, and referred to in the former opinion. Well-defined traces of this road easterly, and in close proximity to the old house, still remain. No attempt was made by the plaintiffs to show that there had ever been any other road in that vicinity, and it is certain that, if the road which defendants sought to and did locate was the one mentioned in the deed, it ran very closely to where they insist the line actually is. If the road testified to was the one mentioned in the deed, it could not have been where it was fixed by the second call or course in the description, for that would have thrown it about 100 feet westerly from, and in the rear of, the old house; and there is abundant proof still on the ground that it ran about 50 feet easterly, and in front, thereof. It is impossible to believe that, as written, the second call or course was intended to reach this road; but by changing the word "north" to "south" the road was reached, and the tract practically inclosed. But we need go no further into the evidence, for there are many things which lead us to say that the existence and location of the road about where the defendants claim it to have been at the time of the execution of the deed was established with reasonable certainty. The road itself having been located, it must prevail; and the second call or course, as given in the deed, must yield thereto, the result being as declared by the court below.

Recurring now to the alleged errors in the rulings of the court when receiving the testimony, it may be said that the larger number of the assignments of error need not be noticed at all, for they are without merit. No matter what answers were given to the questions objected to, the result could not have been affected thereby. And there were several questions asked, when the attention of the witnesses was called to the "atlas" or plat book, which were extremely and objectionably leading. But no objection to them was interposed on this ground, as there should have been. It is true that this atlas or plat book, made very recently, and on which the tract of land in dispute is delineated, as claimed by defendants, may have been very suggestive to the witnesses who used it, and their recollection as to the old road may have been stimulated by its use; but that did not go to the materiality or competency of the

testimony. It simply affected its weight. The counsel for appellants seems to think that the most noticeable of the erroneous rulings are those covered by his assignments numbered twenty and twenty one. Henry Belland, Jr., was being examined by counsel for respondents, and the atlas was being used. Calling attention to the manner in which this disputed tract of land was there outlined, the witness was asked if the plat substantially conformed to his recollection of the location of the land. Again, he was asked if the tract, as he remembered it on the face of the ground, cut off a part of block 20 in Oliver's addition. The objection to both of these questions was that they were incompetent, irrelevant, and immaterial. These questions were leading, and both called for an opinion, but neither were open to the objection urged. If the plat did conform to the witness' recollection of the location of the land, the answer was material. It was as if the witness himself had drawn a plat of the tract, as he remembered its figure. If the tract in dispute did cut off a portion of what is now block twenty, it tended to show that the easterly line was as defendants contend.

The judgment is affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 300.)